Shulkin v. Shulkin So why isn't IMPRESA governing here? Well, I think that's the question that's at the heart of plaintiff's appeal. How can a Veterans Court consent order be final and unappealable for Egypt purposes if there's some possibility, however remote, that it could still be appealed? And the answer to that question, and it goes to IMPRESA as well, is that that approach that appellant has taken here is both contrary to the Egypt statute and bad for Veterans. I don't understand the argument, but we've got a precedent here in the IMPRESA case. And you're not contending, are you, there's a difference between a voluntary dismissal and consent judgment? We are, Your Honor. And there are two distinctions here between this case and the IMPRESA-Garufi case. First of all, that was a unilateral voluntary dismissal motion. This is a joint consent order. The second distinction is that- Well, why should that make a difference? Because- I mean, you know, yes, it's different, but it's not a relevant difference. It makes a difference because, and this also goes to another distinction between this case and Garufi, it implicates the Egypt statute itself. The Egypt statute makes clear at 242412 D2G, and as well as the legislative history, but it's pretty clear in the language of the statute itself, that- Can I ask you this? I know I'm interrupting you, but in terms of interpreting 2412, the courts have generally held that final judgment means final and non-appealable, right? And non-appealable usually means the time for appeal is exhausted. Including an order of settlement. That's the language of the statute. And the legislative history goes on to explain that it's clear that Egypt intends for the 30-day period to begin on the date of an order of settlement. Any settlement is appealable on the type of remote grounds that we're talking about here. If the rule is that the remote possibility of appeal makes this final, not final, and unappealable for Egypt purposes, then the statute would be meaningless. Wait, wait, wait. Why shouldn't we construe settlement in there as referring to what Judge Rayner was asking about before, which is a settlement of the entire case, cases over with, as opposed to an agreement about a particular issue? I appreciate the opportunity to clarify that, Your Honor. In the context of veterans court practice, that's precisely what we have here. This is what a settlement and, in fact, a vast majority of settlements look like in a veterans court case. It's not like, for example, a court of international trade practice where there's a remand that goes back and forth. It's a general statute. It's not directed to the veterans court. The question is what they meant in the statute by settlement. You can't say, oh, well, in the veterans court area, most settlements are just with respect to a particular issue when they wrote this statute broadly. And one might think that what they meant by settlement was a settlement of the entire case. I understand, Your Honor, and that's precisely what we have here. That's the thing. This isn't a settlement. It may be. I understand. I know the VA system, and this is what happens. Settlements aren't entered into at the veterans court that resolve the case very often, if ever. But that doesn't mean that we alter the definition of settlement. This is a consent judgment to vacate and remand for further board proceedings, and it's pretty typical in a veterans court proceedings. Let me ask you this. If, after this consent order was entered, somebody filed an appeal, the veteran filed an appeal within the time for appeal that said, I agree to this under duress, would you argue that that appeal is untimely, or would you argue that they had waived the right to appeal? Well, the veteran, as an initial matter, would have waived the right to appeal. In that circumstance, the appropriate thing to do, there's a remedy for that. But that means that the judgment was still appealable within a certain time period. And so it didn't become final until that period for appeal expired, even though, on its face, it looked like the veteran had voluntarily agreed to the consent order. Your Honor, that same exact argument would apply to any order of settlement. In any case of an order of settlement, someone could, within a 60-day window, appeal and say, I didn't agree to this. This was under duress. The aegis statute is clear. But see, this is the problem. This isn't a settlement. You want to describe it as akin to a settlement. It's a not. If you had a veterans court order saying the parties have agreed to settle this case, it is dismissed as of X date, then you might have a different order and we might have a different rule. Respectfully, Your Honor, in the veterans context, this is a settlement, and I'll try to explain why. I know exactly what you're saying. They never agree to settlements that pay out benefits at the veterans court because the secretary thinks that they don't do that. But it's the obligation of the board to award benefits, decide service connection issues, and the like. They may be right. That just means that the settlement process is not something that can happen at the veterans court. It doesn't mean we should alter our definition of settlement. It completely ends the litigation. That's the issue. It doesn't, though. It doesn't end the litigation any more than a joint motion to remand from the CIT back to the Commerce Department ends the litigation. And I think you would agree that that kind of joint motion to remand would not become final until the appeal period to this court runs. There's a big difference between this, and I think that's a key point, so I want to make sure I'm clear on this. There's a difference between this and that type of remand to the CIT. This is more akin to an appeal to this court, for example. There's a slight difference because it really does end the litigation. The way this works is that because it's a federal court, the CIT… Well, let's talk about that. Let's say somebody files an agreement to voluntarily remand from this court to the veterans court. Does the appeal period not apply at all? Is it final at that date? Or can they still change their mind and decide that was under duress and file a cert petition to the Supreme Court? Well, in that case… Within the 90 days. Right. Again, if it were like a voluntary dismissal, yes, they could still do that. If it's a settlement agreement where it's a joint motion and they're saying, we've agreed to settle this case… I mean, isn't the real problem here that you can resolve this issue practically by determining whether or not you're going to allow EJF fees to be… If you were to put in a sentence in this joint motion that said fees are to be borne by the parties for these proceedings, they would have waived their right to file EJF fees. And we wouldn't have to be worrying about this, right? I think the parties could do that, but they're not… Why don't they? I mean, the veterans court enters into hundreds, if not thousands, of these joint motions to remands every year. The parties enter into them before the veterans court. Why doesn't the secretary have a practice of determining whether it's going to allow an EJF fee petition to be filed or not? Obviously, I can't speak to that decision-making. But what I can say is that the veterans court's jurisprudence and rules are specifically set up in this pro-veteran way. Again, this completely ends litigation. Because it's a federal case and a board case, there's no more federal litigation. We understand that proceedings continue with the board, but it is done. It completely ends the proceeding. There is nothing else for the Court of Veterans Claims to do. And if it came back up to the Court of Federal Claims, it would be a different case. But it doesn't end the case insofar as there's been a remand to the board, right? But if it came back, it would be a completely different case with a completely different number. It's not the same case. There would be a new EJF application. It also doesn't truncate the time to appeal. You say it ends the case, but you also agree that they could file a timely notice of appeal. They may be barred because they've agreed not to appeal. Although here, it doesn't even seem they agreed not to appeal. It's just a motion to remand. You'd probably argue that it was voluntary, and we'd probably agree with you. But it doesn't end the federal litigation in the sense that it's not final and not appealable until the time for appeal runs. That's where the common law comes in, which says that in this type of situation where parties have entered... For that, you're trying to make us distinguish between voluntary dismissals and consent judgments. And I think you're pointing to a Third Circuit case when there's a Ninth Circuit case that goes the other way. Well, there's considerable authority. The Ninth Circuit case is a slightly separate issue, but on the authority, there's authority throughout the circuits, including the Ninth Circuit, including this court's decision in Taylor-Brands, where courts have consistently recognized that when a party consents to the substance of a judgment, and I mean consent here... Taylor actually hurts you because what Taylor recognizes is that there's sometimes there are consent judgments that can be appealable because Taylor suggests you have to distinguish between agreement as to the form and agreement as to the substance. And so you can have situations in which there is an appeal from a consent judgment. And what we said in IMPRESA is we're not going to decide this on a case-by-case basis. We're going to say if there's a possibility of an appeal in some circumstances, put aside the situation where there's either an entire settlement or an agreement not to appeal, we're going to apply a blanket rule. And I guess I come back to the question of why would you distinguish between a voluntary dismissal for that purpose and a consent judgment? Putting aside your argument about the settlement language, let's assume you lose on that. Why would you distinguish between a consent judgment, which can be appealed sometimes, and a voluntary dismissal, which can be appealed sometimes? Well, this is not an instance of a form versus substance distinction. No, I understand. But that's exactly what we said in IMPRESA is we're not going to do this on a case-by-case basis. We're going to have a blanket rule because it's simpler for everybody and people know where they stand. And they said we're going to have a blanket rule for voluntary dismissals. And the question is why shouldn't we have the same blanket rule for consent judgments? Well, in creating that blanket rule in IMPRESA, this court looked to the D.C. Circuit's decision in Adams. And what Adams spoke about, and it's a longer decision, so I have to summarize it here, it talks about there should be a uniform rule where you look at a category of rule and then the applicable law of appealability. So this is a separate category of rule. It's a consent order. It's not a unilateral dismissal. And the applicable law of appealability, as long as there's a consent to the substance, which is certainly the case here, is that it's not appealable except in these really remote circumstances. And, I mean, we've cited there are thousands of cases. We're not aware of any such circumstance. And those same circumstances would apply to any settlement, which EJIA is making clear. And even if one assumes there's a distinction between a settlement and a consent order, EJIA makes clear that a settlement which is just a – makes any difference in what the ramifications are going to be here. I mean, if we went with your rule that consent judgments are different and somebody was – but you agree that in some circumstances an appeal can be filed within the time period, if somebody has missed the 30-day time limit from the date of the judgment to file an EJIA application, wouldn't they just file a notice of appeal before the time for appeal expires, which would make it a non-final judgment, and then file their EJIA petition? Because you agree that they can file an appeal within 60 days from this consent judgment. They're going to lose, but they can do it. And if they file it, it certainly renders it a non-final judgment of the Veterans Court. I can't speak to what might happen at the Veterans Court in that scenario. But that's exactly the kind of thing we were trying to foreclose and establish a uniform rule. And what's wrong with a uniform rule that says, you know, in any kind of order from the Veterans Court, it doesn't become final until it's final and non-appealable, which includes the appeal period. I see my time's running out, so there are two points I need to make sure I get in here. The first of all is that these rules are specifically set up to be pro-veteran. So the approach that is being advocated here is certainly bad for veterans. You're talking about taking thousands of cases. Why? Is this about the mandate and that they have to wait to act? Yes. I don't understand that at all. There's nothing that prevents the board from acting on the Veterans Court mandate, even if the time for appeal hasn't been exhausted. The Veterans Court rules provide the mandate issues when the remand order is entered. So that frees up the board to act on the case without waiting for the appeal period to run, doesn't it? No, for two reasons. First of all, Cerullo v. Drewinsky says that mandate in the Veterans Court context works much like mandate here, where the lower court cannot take jurisdiction back of the case while the case is pending at the Veterans Court. But when you issue the mandate, it goes back. The mandate doesn't have to wait for the time for review to be exhausted, does it? It does under the Veterans Court's decision in Westfall where they said, if we're wrong about the appeal period... That's their decision. They don't have to follow that. We issue mandates all the time before the time for cert has been exhausted. We issue mandates after 45 days. But the time for cert doesn't exhaust for 90 days. People ask us to stay the mandate all the time. We refuse all the time. So the district courts have to act on our mandate before the time for review has been exhausted. I don't see why the board and the Veterans Court can't do the same thing. There's nothing that prevents the board from acting on the Veterans Court mandate, even if there's still a potential appeal to us. Is there? Nothing legally. The court's decision in Westfall takes the view, and it seems to be a correct view, that if the appeal period is still running, it is not appropriate for us to issue the mandate. The court essentially gave a mail couple and said, you know, we issued mandate, but because there has been no explicit waiver of appeal here, unlike in a consent situation, we can't issue it. Well, you want to say the Veterans Court is just like us, but then you're saying that they think they can't issue a mandate until the time for review is exhausted. And we certainly do. You understand. We do this all the time. I know. You practice here a lot. If we issue a mandate to the district court and they say, we can't legally follow it until the time for cert is expired, that's legally wrong. A lot of them probably wait as a matter of course, but they're not legally forbid from complying with our mandate. And, in fact, we could order them to expeditiously comply with our mandate if we wanted to. Couldn't we? I think you're correct, obviously. And the Veterans Court could do the same. It could order the secretary to start the board proceedings immediately, even if the appeal period hasn't expired. Couldn't it? To my knowledge, the Veterans Court, and I can't paraphrase all of Westfall here, but Your Honor can certainly look at the case. The court has taken the position that it is not permissible for it to do that. Do you agree with that? What's the legal justification for that? Well, in the Veterans Court, you don't have a situation of like a discretionary certiorari appeal situation. Here, you know, the mandate is supposed to be the end of the case. The court's rules at 41A say mandate is when the court's judgment has become final. In Veterans Court's practice, it occupies this weird position where it's kind of intermediate appellate court. It does not have this discretionary cert process hanging over it where, you know, the practical way for parties to proceed is to follow the court's judgment, but there is this remote possibility that the Supreme Court could take the case. That's not present in Veterans Court practice. Their mandate is intended to be signaled not just that the judgment has been entered, but that the case is final. And at least if one reads Westfall, it's clear that the Veterans Court, you know, they said, look, this is going to hurt veterans, but we can't do it here. Now, again, you're relying on their mandate rule. If we interpret 2412 as saying final judgment, including consent judgment, that means until the time that Gil is exhausted. The Veterans Court has no authority whatsoever to alter that through rules of court defining final judgment as something else. Agreed, Your Honor. This court, obviously, in Carbino v. West has recognized that the Veterans Court can promulgate rules, but they can't overturn this court's rules. One final point to make briefly is I just want to be clear, for the record, that our understanding is this is not a matter of money coming out of the veterans' hide. Ultimately, the veteran received benefits on a forward-going basis. The only time that EJIA fees end up getting involved. Sure, we get that, but the whole point of EJIA is to encourage people to represent plaintiffs or other individuals in suits against the government that otherwise couldn't get attorneys. So whether or not it's ultimately going to come out of the veterans' pocket is really irrelevant. If we can't pay these people fees when they're entitled to file for them, then they won't represent them. Understood, Your Honor. We just want to make sure the record was clear on that point. Okay. Thank you, Mr. Cronin. Thank you, Your Honor. Mr. Solinsky. Your Honor, my friend's arguments did not raise any additional issues for me, but I'm happy to answer any other questions that the court has. Okay. Thank you, Mr. Solinsky. Thank both counsel. The case is submitted. Thank you.